# Exhibit 2

# Kast, Galen

| | |
|---|---|
| **From:** | Runkle, Patrick <Patrick.R.Runkle@usdoj.gov> |
| **Sent:** | Wednesday, July 05, 2017 4:28 PM |
| **To:** | Linehan, Patrick |
| **Cc:** | Mike Gibson; Mike Uhl; Andrew Cookingham; Richard B. Roper; S. Cass Weiland; Cass Weiland; Martin, Errin (USATXN); Sullivan, David; Niewoehner, Christopher; Medaris, Chad (Chad.Medaris@fda.hhs.gov) |
| **Subject:** | RE: Letter re Discovery |
| **Attachments:** | CIE report USP 05-31-2017.pdf |

Patrick -

Thank you for your recent letters. In no particular order, let us update you on the items you inquired about.

First, we have made inquiries to the OCI agent and AUSA who worked on the Paul Rodriguez case. Our understanding is that the case arose from an undercover investigation completely unrelated to this case. In addition, we were advised no USP Labs-related evidence was uncovered as part of that investigation. We are still attempting to determine whether any material from that case may be discoverable in this case. We will advise you when we finalize that determination.

Second, we contacted several of the affected custodians (including Dr. Klontz, Dan Fabricant, and Corey Hilmas) whom you identified as potentially having used personal email at FDA. None of those persons reported having generated materials related to this case that would not have also been captured on FDA servers.

Third, in terms of the additional custodians listed in your June 26 letter, we are preparing to make a request to FDA to search the documents of additional custodians out of an abundance of caution. We will include the names you sent us- some of which we already intended to search-in that request.

Fourth, you requested a number of items related to experts. We will contact the experts with your request. However, we note that much of this material seems to be exempted from Rule 16(a)(1)(G), as it is not listed in the rule. Furthermore, the agreement we made with you was to do early Daubert motions, not to provide by May 1 every single document that the Government will produce in discovery. We believe our expert disclosures under Rule 16(a)(1)(G) were complete and we decline your request to engage in additional expert discovery at this time.

Finally, we wanted to share with you several other items that have come to our attention. Attached please find a list of physical evidence inventory tracking numbers associated with this case. For sake of completeness, we wanted to make sure that you were aware of all of these items. One item that we had not previously discussed was the lot of apparent OEP capsule shells that are possibly counterfeit, listed at the end of this sheet. Those items were sent to OCI by CBP. The search warrant materials are also listed. Most of the other items are product samples bought at retailers.

Additionally, the physical evidence associated with this case has been moved to a different facility due to a nuisance break-in that occurred at the storage facility where the evidence had been held. Although the locks were broken on two of the seven storage units containing USPlabs-related evidence, the burglar(s) was not interested in any of the items in the storage unit, which contained pallets and not documents. We can set up a call with Agent Medaris to discuss physical evidence-related issues further at your convenience.

Best,
Patrick

From: Linehan, Patrick [mailto:PLinehan@steptoe.com]
Sent: Wednesday, June 28, 2017 10:59 PM
To: Runkle, Patrick <prunkle@CIV.USDOJ.GOV>
Cc: Mike Gibson <mgibson@bp-g.com>; Mike Uhl <muhl@fhsulaw.com>; Andrew Cookingham <Andrew.Cookingham@tklaw.com>; Richard B. Roper <Richard.Roper@tklaw.com>; S. Cass Weiland <cass.weiland@squirepb.com>; Cass Weiland <CWeiland@squirepb.com>; Martin, Errin (USATXN) <Errin.Martin@usdoj.gov>; Sullivan, David <dasulliv@CIV.USDOJ.GOV>; Niewoehner, Christopher <cniewoehner@steptoe.com>
Subject: Letter re Discovery

Patrick:

Please see the attached letter.

Regards,

Patrick

2