IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | \| | |
| | \| | |
| | \| | |
| v. | \| | No. 3:15-cr-00496-L |
| | \| | |
| USPLABS, LLC (1) | \| | |
| JACOBO GEISSLER (2) | \| | |
| JONATHAN DOYLE (3) | \| | |
| MATTHEW HEBERT (4) | \| | |
| S.K. LABORATORIES, INC. (5) | \| | |
| SITESH PATEL (6) | \| | |
| KENNETH MILES (7) | \| | |
| CYRIL WILLSON (8) | \| | |

**DEFENDANTS USPLABS, LLC, JACOBO GEISSLER, JONATHAN DOYLE,
KENNETH MILES, AND CYRIL WILLSON'S
<u>JOINT MOTION TO SEVER</u>**

Defendants USPlabs, LLC ("USPlabs"), Jacobo Geissler, Jonathan Doyle, Kenneth Miles, and Cyril Willson (together, the "USPlabs Defendants") respectfully move under Fed. R. Crim. P. 14 for severance of Sitesh Patel and S.K Laboratories' trial.

## INTRODUCTION

"[A]n important element of a fair trial is that a jury consider *only* relevant and competent evidence bearing on the issue of guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 540 (1993) (alteration in original) (quoting *Bruton v. United States*, 391 U.S. 123, 131 (1968)). Absent severance of Defendants Sitesh Patel and S. K. Laboratories, however, this crucial fairness will be lost, for two reasons:

*First*, the jury is likely to hear testimony about how Mr. Patel is a convicted felon. *See* Ex. 1 ("Patel Verdict"). Such testimony is highly prejudicial to the USPlabs Defendants because

1

the jury is likely to erroneously associate Patel's felonious conduct with the USPlabs Defendants, with whom Mr. Patel worked.

*Second*, Mr. Patel's prior conviction for misbranding and fraud, and his underlying conduct, relating to the sale of alleged "designer steroids" and "designer drugs," bear superficial similarity to the allegations in this case, and are therefore likely to confuse the jury and result in an unreliable verdict. *See* Ex. 2 at ¶¶ 14-15 ("Patel Indictment").

Where, as here, "it appears that the defendants will be prejudiced by a joint trial," severance is warranted. *See United States v. Erwin*, 793 F.2d 656, 665 (5th Cir. 1986) (citations omitted). Thus, the Court should sever the trial of Mr. Patel and S. K. Laboratories from the USPlabs Defendants.[1]

## I. BACKGROUND[2]

Defendants are employees or affiliates of USP Labs, LLC ("USPlabs"), a dietary supplement company. *See* First Superseding Indictment at 5-11, Dkt # 95 ("Indictment"). As is common in the dietary supplement industry, USPlabs did not manufacture any products at its Dallas, Texas facility. Instead, it relied on other companies, including Anaheim, California-based S. K. Laboratories, Inc. ("S. K. Laboratories"). USPlabs' main contact with S. K. Laboratories was with its vice president, Sitesh Patel. *Id.* at 5-6.

On January 5, 2016, the Government filed an 11-count Indictment against eight defendants. Six of the defendants were employees or otherwise affiliated with USPlabs: Jacob Geissler, the co-founder, co-owner, and CEO of USPlabs; Jonathan Doyle, the co-founder, co-

---

[1] Each of the USPlabs Defendants reserves the right to request severance from any other of the Defendants in this case in the future on different grounds should the discovery of facts or positions of the Government so warrant.

[2] The facts recited herein are drawn from the Indictment. They are accepted as true solely for the purposes of this motion for severance.

owner, and president of USPlabs, Matthew Hebert, the co-owner of USPlabs responsible for product packaging design, Kenneth Miles, USPlabs Chief Compliance Officer, and Cyril Willson, a consultant to USPlabs. *Id.* at 1-2. The Indictment also named S. K. Laboratories and Mr. Patel. *Id.* at 2. The counts allege wire fraud, obstruction of an agency proceeding, conspiracy to misbrand, selling adulterated food (dietary supplements), money laundering, and wire/mail fraud-related counts. Indictment at 12, 18, 20, 22, 25, 26, 27, 28. Of the eleven counts, eight target Mr. Patel and S.K. Laboratories. *See id.*

On July 26, 2016, Mr. Patel was separately charged in a 5-count indictment in the Western District of Virginia, alleging conspiracy, misbranding, fraud, and wire/mail fraud. *See* Patel Indictment. The Patel Indictment alleged that Mr. Patel was involved in the manufacture of "M-Drol," a "designer steroid," and "H-Drol," a "designer drug." Patel Indictment ¶¶ 14-15. The Patel Indictment alleged that the labeling for M-Drol and H-Drol were misbranded because the products were labeled as dietary supplements, rather than drugs, and therefore bore false and misleading labeling that lacked adequate warnings or directions for use as drugs. *Id.* ¶¶ 16-17. After a 5-day trial, Patel was found guilty on all counts. *See* Patel Verdict.

## II.     LEGAL STANDARD

Rule 14 of the Federal Rules of Criminal Procedure permits a judge to sever the defendants' trials if joinder would prejudice a defendant. Fed. R. Crim. P. 14(a). "The granting . . . of [ ] severance is within the trial court's discretion and not subject to review or correction unless that discretion is abused. *Schaffer v. United States*, 221 F.2d 17, 19 (5th Cir. 1955).

A "trial court may grant a severance if it appears that the defendants will be prejudiced by a joint trial." *Erwin*, 793 F.2d at 665 (citations omitted). Severance is warranted where there is a "serious risk" that a joint trial could harm one of the defendants' trial rights or prevent the

3

jury from making a "reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539; *United States v. McRae*, 702 F.3d 806, 822 (5th Cir. 2012) (holding that severance is appropriate "where the prejudice to a defendant from joinder with a co-defendants(s) in a joint trial overrules the interest in judicial economy."). Prejudice meriting severance

> might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant. *For example, evidence of a codefendants' wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty*. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened. Evidence that is probative of a defendant's guilt but technically admissible only against a codefendant also might present a risk of prejudice.

*Zafiro*, 506 U.S. at 539 (emphasis added) (citations omitted). In particular, such defendants "may be unduly prejudiced by harmful 'spill-over' of evidence against other defendants." *Erwin*, 793 F.2d at 665 (internal citations omitted).

### III.  ARGUMENT AND AUTHORITIES

Mr. Patel and S. K. Laboratories' trial must be severed from that of the other Defendants because (A) a joint trial would be unfairly prejudicial and may result in an unreliable verdict, and (B) a limiting instruction would be insufficient to cure the prejudice. *See Zafiro*, 506 U.S. at 539 (explaining when severance is appropriate); *Erwin*, 793 F.2d at 665 (same).

####  A.  A Joint Trial Would Be Prejudicial To The USPlabs Defendants And Could Lead To A Verdict That Is Not Reliable.

The USPlabs Defendants would be highly prejudiced without severance of Mr. Patel and S. K. Laboratories' trial because (1) evidence of Mr. Patel's conviction and of his conduct underlying that conviction are unrelated and irrelevant to the Government's allegations against the USPlabs Defendants, (2) such evidence would be highly and unfairly prejudicial to the

4

USPlabs Defendants, and (3) severance as to both Mr. Patel and S. K. Laboratories' trial is necessary to prevent such prejudice against the USPlabs Defendants.  *See Zafiro,* 506 U.S. at 539; *United States v. Tarango*, 396 F.3d 666, 674 (5th Cir. 2005); *United States v. Polasek*, 162 F.3d 878, 884 & n.2 (5th Cir. 1998).

### 1. Evidence of Mr. Patel's Conviction Would Not Be Admissible Against The USPlabs Defendants In A Separate Trial.

Evidence of Mr. Patel's prior conviction and the facts presented at that trial that underlie it,[3] which is likely to be presented by the Government against Mr. Patel and his employer, S. K. Laboratories, would not be admissible against the USPlabs Defendants in a separate trial.  Under Fed. R. Evid. 401, evidence is admissible only if it has "any tendency to make a fact more or less probable than it would be without the evidence."  Mr. Patel's prior conviction relates to wholly different facts involving different people and different products and having nothing to do with any of the USPlabs Defendants or the allegations in this Indictment.  Such evidence, including evidence of the conduct underlying the conviction, is therefore irrelevant.  "[T]he government may not attempt to prove a defendant's guilt by showing that [he] associates with "unsavory characters," *Polasek*, 162 F.3d at 884 (citing *United States v. Singleterry*, 646 F.2d 1014, 1018 (5th Cir. Unit A June 1981)), because such evidence "is not relevant as that term is defined in Rule 401 and hence is inadmissible under Rule 402."  *Id.* at 884 n.2.

Moreover, "even if [guilt by association evidence] is relevant, it is unduly prejudicial and excludible under [Fed. R. Evid.] 403."  *Id.*; *see also* Fed. R. Evid. 403.  Thus, evidence of Mr. Patel's prior conviction would not be admissible against the USPlabs Defendants.

---

[3]     For instance, Mr. Patel apparently "admitted he tried to conceal his crimes by destroying records and asking co-conspirators to destroy records."  Ex. 3 at 16:1-3 (transcript of closing arguments in Mr. Patel's prior trial) ("Patel Tr.").

### 2. Introduction Of Mr. Patel's Conviction At Trial Would Be Highly And Unfairly Prejudicial To The USPlabs Defendants.

A joint trial would seriously and unfairly prejudice the USPlabs Defendants because evidence admissible against Mr. Patel and S. K. Laboratories and inadmissible against the USPlabs Defendants is likely to create an evidentiary spillover that permits the jury to reach an improper verdict as to the other defendants based in part on guilt by association. *See Zafiro,* 506 U.S. at 539 (explaining that "evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty," thus warranting severance); *Tarango*, 396 F.3d at 674 (upholding severance in part because "the jury was permitted to hear a great deal of evidence that was inadmissible against [the defendant]"); *see also Krulewitch v. United States*, 336 U.S. 440, 454 (1949) (Jackson, J., concurring) ("It is difficult for the individual to make his own case stand on its own merits in the minds of jurors who are ready to believe that birds of a feather are flocked together.").[4]

As applied here, the Government is likely to present evidence of Mr. Patel's conviction and his underlying felonious acts while employed at S. K Laboratories. *See* Patel Verdict. Such evidence is highly prejudicial to the USPlabs Defendants, for two reasons.

*First*, evidence of Mr. Patel's felonious conduct is likely to confuse the jury. Mr. Patel was convicted of misbranding and fraud relating to his sale of mislabeled dietary supplements, both of which are also alleged here against Mr. Patel, S. K. Laboratories and most (and in some cases all) of the USPlabs Defendants. The similarity between Mr. Patel's prior conviction—which is factually unrelated to the charges against the USPlabs Defendants—and the charges in

---

[4] *See also United States v. McRae*, 702 F.3d at 824-25 (holding that severance was warranted for a defendant in part due to evidence used to convict a codefendant when "little of it was relevant to the indictment against [the defendant]"); *Erwin*, 793 F.2d at 666 (upholding severance of defendant where "very little of the mountainous evidence was useable against her, and almost none of it applied directly").

this case is likely to be confusing and may lead the jury to erroneously believe that the prior allegations directed at Mr. Patel are related to the USPlabs Defendants.

Such confusion is particularly treacherous here because the conduct underlying Mr. Patel's prior conviction is *also* likely to be confusing.  Mr. Patel was convicted of illegally selling alleged "designer steroids" and "designer drugs" while he was an employee of S. K. Laboratories.  Patel Indictment ¶¶ 16-17.  Even though this case does not allege that the dietary supplements at issue were actually drugs, the Government apparently intends to suggest at trial that some of their ingredients were akin to "drugs."  *See, e.g.*, Gov't Notice Of Test. Under Fed. Rs. Evid. 702, 703, And 705 at 28, Dkt # 222 ("Gov't Notice") (Dr. Gurley) (stating that OEP-NF contains "five separate ***drugs*** (caffeine, aegeline, higenamine, yohimbine, and coclaurine)") (emphasis added).[5]  These incorrect and misleading suggestions are likely to continue at trial, further amplifying the prejudice created by Mr. Patel's conviction to the USPlabs Defendants and the likelihood of jury confusion and an unreliable verdict.

*Second*, the jury is likely to impute Mr. Patel's felonious conduct onto the USPlabs Defendants if such evidence is permitted at a joint trial.  Throughout the trial, evidence is likely to be presented showing the business relationship between Mr. Patel and S. K. Laboratories, and the USPlabs Defendants, including emails between Mr. Patel, as an employee of S.K. Laboratories, and the USPlabs Defendants.  Presenting evidence of Mr. Patel's prior conviction is therefore highly prejudicial to the USPlabs Defendants because the jury will perceive the

---

[5]     *See also id.* at 4-13 (Dr. Bonkovsky) (discussing "drug-induced" liver injury); *id.* at 29 (Dr. Gurley) ("daily ingestion of . . . OEP-NF . . . is comparable . . . [to] taking numerous drugs together"); *id.* (Drs. Gurley and Koturbash) (discussing drug metabolism and alleged drug-induced oxidative stress after consumption of OEP-NF); *id.* at 29 (Drs. Gurley and Koturbash) (discussing OEP-NF and "other potentially hepatotoxic drugs"); *id.* at 30 (Dr. Gurley) (discussing caffeine and yohimbine as drugs); *id.* at 34 (Dr. Koturbash) (discussing impact of drugs on non-coding RNAs and referring to OEP-NF); *id.* at 57-74 (Dr. Klontz) (extensively discussing plant based drugs and the unrelated and prejudicial drug thalidomide).

USPlabs Defendants as working closely and closely associated with a convicted felon—the very risk against which the Fifth Circuit has warned.[6] *See United States v. Salomon*, 609 F.2d 1172, 1176 (5th Cir. 1980) ("It cannot be expected that the jury could evaluate the testimony with regard to [one defendant] and simultaneously ignore the statements in determining [the second defendant's] guilt"); *see also Krulewitch*, 336 U.S. at 454 (Jackson, J., concurring) ("It is difficult for the individual to make his own case stand on its own merits in the minds of jurors who are ready to believe that birds of a feather are flocked together.").

As this Circuit has noted, "[t]he Government should not have the windfall of having the jury influenced by evidence against a defendant which, as a matter of law they should not consider but which they cannot put out of their minds." *Tarango*, 396 F.3d at 674 (parenthetically quoting *Delli Paoli v. United States*, 352 U.S. 232, 243 (1957) (Frankfurter, J., dissenting)). For these reasons, the Court should sever the trial of Mr. Patel and S.K. Laboratories from the USPlabs Defendants.

### 3. Evidence Of Mr. Patel's Felony Conviction Will Invariably Be Presented Against S.K. Laboratories.

Although S.K. Laboratories was not also convicted with Mr. Patel under the Patel Indictment, S.K. Laboratories should nonetheless also be severed from the USPlabs Defendants' trial. Although the Patel Indictment alleged facts having nothing to do with the USPlabs Defendants, the same cannot be said of S. K. Laboratories; indeed, Mr. Patel engaged in the

---

[6] The prior convictions of a codefendant do not always require severance. *See, e.g.*, *United States v. Ocanas*, 628 F.2d 353, 359 (5th Cir. 1980) ("Evidence of prior criminal offenses relating to a codefendant ordinarily will not generate prejudice arising to a level that requires severance."). In this case, however, the prejudice to the USPlabs Defendants is particularly acute because (1) Mr. Patel was previously found guilty of two of the same charges (misbranding and fraud) as alleged here, and (2) those prior charges relate to the sale of drugs, which the Government has erroneously claimed — without evidence — applies to USPlabs products. *See supra* section IV.A.2. Permitting the Government to parade evidence of a prior drug conviction while simultaneously and improperly using the word "drug" to describe USPlabs products and ingredients rises well above an "ordinary" prior criminal offense, and merits severance.

conduct underlying his conviction while employed at S.K. Laboratories. Thus, even if the Government disavows any intent to present evidence of Mr. Patel's conviction against the USPlabs Defendants, it will almost certainly seek to present such evidence against S.K. Laboratories. As a result, the prejudice of a joint trial can be ameliorated only by severance of both Mr. Patel and S. K. Laboratories from the USPlabs Defendants. *See Tarango*, 396 F.3d at 673-74.

> **B.    A Limiting Instruction Would Not Cure The Substantial Unfair Prejudice Created By Presentation Of Evidence Of Mr. Patel's Conviction At A Joint Trial.**

A limiting instruction to the jury would not prevent substantial prejudice to the USPlabs Defendants should evidence of Mr. Patel's conviction be presented at a joint trial. Although a limiting instruction may be sufficient where the offending evidence would be relevant and admissible even if the trials were severed, *see Zafiro*, 506 U.S. at 540, "[a]n important element of a fair trial is that a jury consider *only* relevant and competent evidence bearing on the issue of guilt or innocence. *Id.* (quoting *Bruton*, 391 U.S. at 131). Indeed, where "the risk that the jury will not, or cannot, follow instructions is [ ] great, and the consequences of failure [are] vital to the defendant," a limiting instruction will not cure the prejudice. *See Bruton*, 391 U.S. at 135.

So too here. As noted *supra*, Mr. Patel was found guilty of fraud and misbranding charges related to the sale of alleged "designer steroids" and "designer drugs" while he was an employee of S. K. Laboratories. Patel Indictment ¶¶ 16-17; Patel Verdict. These charges are highly prejudicial to Defendants not only because jurors are likely to infer guilt by USPlabs Defendants' association with a known felon, but also due to jury confusion stemming from the superficial similarity between this case and Mr. Patel's prior conviction and conduct. Such innate prejudice and confusion is unlikely to be cured by a mere instruction asking jurors to

ignore an association, however inappropriate, placed on display by the Government. In short, "a defendant should not be prejudiced simply for the sake of [the] judicial economy" of a joint trial. *Tarango*, 396 F.3d at 675. Thus, severance is warranted. *See, e.g.*, *McRae*, 702 F.3d at 828 (vacating conviction and ordering severance because the "evidence and testimony presented became irrelevant[,] unusable . . . and increasingly inflammatory . . . [and] limiting instructions could not mitigate the prejudice"); *Tarango*, 396 F.3d at 671, 675 (upholding district court decision that limiting instruction was ineffective due to the quantity of evidence used against a codefendant); *United States v. Cortinas*, 142 F.3d 242, 248 (5th Cir. 1998) (vacating conviction and holding that limiting instructions were inadequate due to testimony of the violent criminal activities of other defendants).

## CONCLUSION

For all of the foregoing reasons, this Court should sever Sitesh Patel and S.K. Laboratories' trial from that of the USPlabs Defendants.

|  | Respectfully submitted: |
|---|---|
|  | By: |
| /s/ CHRISTOPHER NIEWOEHNER | /s/ RICHARD B. ROPER |

| | |
|---|---|
| Christopher Niewoehner (admitted *pro hac vice*) <br> Illinois Bar No. 6243575 <br> Reid Weingarten (admitted *pro hac vice*) <br> Patrick F. Linehan (admitted *pro hac vice*) <br> David Fragale (admitted *pro hac vice*) <br><br> STEPTOE & JOHNSON LLP <br> 1330 Connecticut Ave. NW <br> Washington, DC  20036 <br> Phone: (202) 429-3000 <br> Fax: (202) 429-3902 <br> rweingarten@steptoe.com <br><br> Michael John Uhl <br> Texas Bar No. 20371050 <br><br> FITZPATRICK HAGOOD SMITH & UHL <br> 2515 McKinney Ave. <br> Dallas, TX 75201 <br> Phone: (214) 237-0900 <br> Fax: (214) 237-0901 <br> muhl@fhsulaw.com <br><br> **ATTORNEYS FOR DEFENDANT USPLABS, INC.** | Richard B. Roper <br> Texas Bar No. 01723370 <br><br> THOMPSON & KNIGHT LLP <br> 1722 Routh Street <br> Suite 1500 <br> Dallas, TX 75201 <br> Phone: (214) 969-1700 <br> Fax: (214) 969-1751 <br><br> **ATTORNEY FOR DEFENDANT JONATHAN DOYLE** |

/s/ S. CASS WEILAND

S. Cass Weiland
Texas Bar No. 21081300

SQUIRE PATTON BOGGS (US) LLP
2000 McKinney Ave.
Suite 1700
Dallas, TX 75201
Phone: (214) 758-1504
Fax: (214) 758-1550
Email: cass.weiland@squirepb.com

**ATTORNEY FOR DEFENDANT MATTHEW HEBERT**

/s/ MICHAEL P. GIBSON

Michael P. Gibson
Texas Bar No. 07871500

BURLESON PATE & GIBSON LLP
900 Jackson Street
Suite 330
Dallas, TX 75202
Phone: (214) 871-4900
Fax: (214) 871-7543
Email: mgibson@bp-g.com

**ATTORNEY FOR DEFENDANT JACOBO GEISLER**

## CERTIFICATE OF CONFERENCE

On December 29, 2017, Counsel for Defendants conferred with Government counsel who indicated that the Government opposes the instant motion, and will file a response to the motion.

/s/ Richard Roper
Richard Roper

## CERTIFICATE OF SERVICE

On December 29, 2017, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served the U.S. Probation Officer, all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2), and the probation officer assigned to the case.

/s/ Richard Roper
Richard Roper