IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:15-CR-00496-L |
| v. | |
| USPLABS, LLC | |

**PLEA AGREEMENT**

The United States Attorney's Office for the Northern District of Texas and the United States Department of Justice Consumer Protection Branch (collectively, the "government"), and USPLABS, LLC, a Texas Corporation ("USP Labs"), by and through its corporate representative, and its attorney Christopher Niewoehner, agree as follows:

1. **Rights of the defendant:** The defendant understands that the defendant has the following rights:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have the defendant's guilt proven beyond a reasonable doubt; and

    d. to confront and cross-examine witnesses and to call witnesses in the defendant's defense.

2. **Waiver of rights and plea of guilty:** The defendant waives these rights and pleads guilty to the offense alleged in Count Seven of the Superseding Indictment, charging a violation of 18 U.S.C. § 371, that is, Conspiracy to Introduce Misbranded Food into Interstate Commerce with Intent to Defraud and Mislead. The defendant

understands the nature and elements of the crime to which the defendant is pleading guilty, and agrees that the factual resume the defendant has signed is true and will be submitted as evidence.

3. **Sentence**: The maximum penalties the Court can impose include:

   a. A term of probation of not more than five years;

   b. a fine not to exceed $500,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

   c. a mandatory special assessment of $400;

   d. restitution to victims or to the community, which is mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

   e. forfeiture of property.

4. **Sentencing agreement**: Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that the appropriate sentence in this case is two years of probation. If the Court accepts this plea agreement, this sentencing provision is binding on the Court. Other than the agreed upon terms, there are no other sentencing limitations, and the Court remains free to determine the appropriate sentence under the advisory United States Sentencing Guidelines and 18 U.S.C. § 3553.

5. **Rejection of agreement**: Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant will be allowed to withdraw the defendant's guilty plea. If the defendant declines to withdraw the

defendant's guilty plea, the disposition of the case may be less favorable than that contemplated by the plea agreement.

6.  **Mandatory special assessment**: Prior to sentencing, the defendant agrees to pay to the U.S. District Clerk the amount of $400, in satisfaction of the mandatory special assessment in this case.

7.  **Defendant's agreement**: The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court. The defendant shall give complete and truthful information and/or testimony concerning the defendant's participation in the offense of conviction. USP Labs agrees that it and its subsidiaries, divisions, segments, and affiliates will not commit any violation of United States Federal law during any term of corporate probation imposed by the Court. USP Labs also agrees to continue to cooperate fully with the government in any and all matters concerning any act within the scope of or related to the conduct described in the Factual Resume or related to other potential violations of the Federal Food, Drug, and Cosmetic Act - including but not limited to providing documents to the government about such activities. USP Labs agrees to cease all business activities within 90 days of the entry of this plea agreement, and immediately begin the liquidation of inventory. USP Labs will notify the government of the cash assets accrued following the winding down of the company. As part of the process of ceasing business, USP Labs agrees not to sell, transfer, lease, or otherwise alienate the company's name or other trademarks at any time.

8. **Forfeiture of property:** The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property seized or restrained by the government related to the investigation of this case or noted as subject to forfeiture in the Superseding Indictment or forfeiture-related bill of particulars in this case, including, but not limited to, the following:

> All funds, monies and things of value contained in JP Morgan Chase Bank Account # xxx9183 in the name of USP Labs LLC (approximately $1,081,710.73).

> All funds, monies, and things of value contained in Charles Schwab Investment Account # xxx9-5339 in the name of USP Labs LLC (approximately $3,676,539.16).

The defendant waives all right, title, and interest to this property and agrees not to contest that the property is subject to criminal forfeiture pursuant to 21 U.S.C. § 334, 28 U.S.C. § 2461(c) and 21 U.S.C. § 853 as proceeds obtained from the Conspiracy to Introduce Misbranded Food into Interstate Commerce with Intent to Defraud and Mislead, and replacing the introduced product, as well as civil forfeiture pursuant to 18 U.S.C. 981(a)(1)(A) as property involved in a money laundering conspiracy and 18 U.S.C. 981(a)(1)(C) as proceeds of conspiracy to commit wire fraud. The defendant consents to entry of any orders or declarations of forfeiture, administrative or judicial, regarding this property and waives any and all requirements (including notice of forfeiture in the charging instrument) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 982, and 983; 21 U.S.C. §§ 334, 853, and 881; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. The defendant agrees to provide truthful

information, evidence, and cooperation necessary for the government to forfeit this property in its entirety. In the event some or all of this property cannot be seized and/or forfeited by the defendant, the defendant agrees to immediately convert that property to funds that are subject to forfeiture, administrative and/or judicial and turn those over to the government for forfeiture pursuant to this Plea Agreement. The defendant agrees to hold the government, its officers, agents, and employees harmless from any claim whatsoever in connection with the seizure, restraint, forfeiture, storage, or disposal of this property.

9. **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty. The government will dismiss, after sentencing, any remaining charges in the pending indictment against the defendant. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and the United States Department of Justice Consumer Protection Branch and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant, the defendant's current officers or employees, or any property.

10. **Representation of Corporate Authority**: This plea agreement will be executed by a corporate representative and the defendant's attorney, Christopher Niewoehner. By entering into this plea agreement, the authorized corporate representative and Christopher Niewoehner expressly represent to the Court and to the government that the corporate representative has the consent, power, and authority to

bind the defendant corporation and to sign this plea agreement and the factual resume as its representative.

11.  **Violation of agreement**: The defendant understands that if the defendant violates any provision of this agreement, or if the defendant's guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant, and any current officers and employees, for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against the defendant of any information or statements the defendant has provided to the government, and any resulting leads.

12.  **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

13.  **Waiver of right to appeal or otherwise challenge sentence**: The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court. The defendant further waives the defendant's right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights (a) to bring a direct appeal

of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

14.  **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation. The defendant has received from the defendant's attorney explanations satisfactory to the defendant concerning each paragraph of this plea agreement, each of the defendant's rights affected by this agreement, and the alternatives available to the defendant other than entering into this agreement. Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's attorney, the defendant has concluded that it is in the defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

15.  **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties. This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

AGREED TO AND SIGNED this 28th day of February 2019.

_____
Authorized Representative
USPLABS, LLC
Defendant


_____
Christopher Niewoehner
Attorney for USPLABS, LLC

ERIN NEALY COX
UNITED STATES ATTORNEY

_____
John J. de la Garza, III
Assistant United States Attorney
Texas State Bar No. 00796455
1100 Commerce Street, Suite 300
Dallas, Texas 75242
214.659.8838

_____
Errin Martin
Section Chief

GUSTAV W. EYLER
Acting Director
Consumer Protection Branch

_____
Patrick R. Runkle
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
P.O. Box 386
Washington, DC 20044-0386
202.532.4723

AGREED TO AND SIGNED this 19th day of February 2019.

                                                ERIN NEALY COX
                                                UNITED STATES ATTORNEY

Authorized Representative            John J. de la Garza, III
USPLABS, LLC                           Assistant United States Attorney
Defendant                                  Texas State Bar No. 00796455
                                                1100 Commerce Street, Suite 300
                                                Dallas, Texas 75242
                                                214.659.8838

Christopher Niewoehner               Errin Martin
Attorney for USPLABS, LLC           Section Chief

                                                GUSTAV W. EYLER
                                                Acting Director
                                                Consumer Protection Branch

                                                Patrick R. Runkle
                                                Trial Attorney
                                                Consumer Protection Branch
                                                U.S. Department of Justice
                                                P.O. Box 386
                                                Washington, DC 20044-0386
                                                202.532.4723

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____     2/28/19
Authorized Representative     Date
USPLABS, LLC.
Defendant


I am the defendant's attorney. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.


_____     _____
Christopher Niewoehner         Date
Attorney for USPLABS, LLC

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.


_____         _____
Authorized Representative                Date
USPLABS, LLC.
Defendant


I am the defendant's attorney. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

_/s/ Christopher Niewoehner_____         _2/28/19_____
Christopher Niewoehner                   Date
Attorney for USPLABS, LLC