IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 3:15-CR-496-L |
| USPLABS, LLC (1) | |

## GOVERNMENT'S UNOPPOSED MOTION
## FOR PRELIMINARY ORDER OF FORFEITURE

The United States of America ("the government") asks the court to enter a preliminary order of forfeiture concerning certain property in this case, stating the following in support:

### I.  Background

1. Defendant USPLabs, LLC ("Defendant") was charged by Superseding Indictment in January 2016 with various offenses, including conspiracy and wire fraud. *See* Doc. 95. The Superseding Indictment also stated that property would be subject to forfeiture from Defendant, if it was convicted for offenses alleged in the Indictment. *Id.* at p. 30-34. A bill of particulars subsequently added the following to the property subject to forfeiture ("the Property"):

> All funds, monies and things of value contained in JP Morgan Chase Bank Account #xxx9183 in the name of USP Labs LLC (approximately $1,081,710.73).

> All funds, monies, and things of value contained in Charles Schwab Investment Account #xxx9-5339 in the name of USP Labs LLC (approximately $3,676,539.16).

*See* Doc. 179.

2. Defendant pleaded guilty in March 2019 to Count Seven of the Superseding Indictment, which charged Conspiracy to Introduce Misbranded Food into Interstate Commerce with Intent to Defraud and Mislead (a violation of 21 U.S.C. §§ 331(a) and 333(a)(2)).  *See* Doc. 722.  As part of the plea, Defendant agreed to criminally forfeit the Property to the United States of America, as proceeds from the sale of misbranded drugs and property replacing the sold product.  *See* Doc. 694, p. 7.  Additionally, Defendant described how the Property was related to its admitted criminal conduct.  *See* Doc. 693, pp. 4-5.  The government moves for the Property's forfeiture from Defendant, pursuant to Defendant's guilty plea.

## II.  Authorities

3. The court's forfeiture authority lies in 21 U.S.C. § 334, 28 U.S.C. § 2461(c), 21 U.S.C. § 853(p), and Rule 32.2 of the Federal Rules of Criminal Procedure. 21 U.S.C. § 334 provides for the civil forfeiture of food, drug, or cosmetic that is adulterated or misbranded when introduced into or while in interstate commerce, or which may not, under the provisions of 21 U.S.C. § 331, be introduced into interstate commerce.  28 U.S.C. § 2461(c) makes criminal forfeiture possible where a criminal law has been violated, and civil forfeiture is authorized in connection with the offense, as well as provides that the procedures set out in 21 U.S.C. § 853(p) apply to a criminal forfeiture proceeding.  21 U.S.C. § 853(p) provides that the court may order the forfeiture of any other property of the defendant, up to the value of the forfeitable property, if, as a result of the defendant's actions, the forfeitable property has been transferred or sold to a third party.  Rule 32.2 of the Federal Rules of Criminal

Procedure authorizes a court to enter a forfeiture order after a defendant's guilty plea, basing its determination on any information submitted by the parties and accepted as reliable by the court.

### III.  Argument

4.        Based upon Defendant's guilty plea and its Plea Agreement and Factual Resume, the government has established the requisite nexus between the Property and the offense charged in Count Seven of the Superseding Indictment.  Defendant received the Property in exchange for misbranded dietary supplements sold in interstate commerce.  The Property, as proceeds, replaced the misbranded goods.  Since the misbranded dietary supplements are no longer available, the Property is now subject to forfeiture to the government.

5.        In accordance with Fed. R. Crim. P. 32.2(b), if there is a finding property is subject to forfeiture, a preliminary order of forfeiture directing the forfeiture of that property shall be promptly entered without regard to any third party's interest in all or part of the forfeited property.[1]

6.        Upon entry of the preliminary order of forfeiture, pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(b)(3), the Attorney General will post notice of the forfeiture on an official government website (www.forfeiture.gov) for at least 30 consecutive days.  The notice will describe the property with reasonable particularity; states the time under 21 U.S.C. § 853(n) when a petition contesting the forfeiture must be

---

[1] A third party's interest is adjudicated in the ancillary proceeding under Rule 32.2(c).

**Government's Unopposed Motion for Preliminary Order of Forfeiture (USPLabs) - Page 3**

filed [no later than 30 days after actual notice of the forfeiture, or no later than 60 days after the first day of the forfeiture's publication on an official government website, whichever is earlier]; and provide contact information for the government attorney to be served with the petition [Asset Forfeiture Unit, U.S. Attorney's Office, Northern District of Texas, 1100 Commerce Street, Third Floor, Dallas, Texas 75242].  This notice shall also state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property; shall be signed by the petitioner under penalty of perjury; and shall set forth the nature and extent of the petitioner's right, title or interest in the property and any additional facts supporting the petitioner's claim and the relief sought.

7.   The government shall send, by means reasonably calculated to reach the person, written notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture of the property in ancillary proceedings.

## IV.  Relief

8.   Therefore, the government asks the court to enter a preliminary order forfeiting the Property to the government and ordering the United States Marshal's Service and/or any duly authorized federal agency to seize the Property (if it is not already in custody), maintain custody of it, and dispose of it in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n).

Respectfully submitted,

ERIN NEALY COX
United States Attorney

*/s/ John J. de la Garza III*
JOHN J. DE LA GARZA III

Assistant United States Attorney
Texas State Bar No. 00796455
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Tel: 214-659-8600; Fax: 214-659-8803
Email: john.delagarza@usdoj.gov

### CERTIFICATE OF CONFERENCE

I certify that, on September 16, 2020, following his receipt of a copy of this motion and its accompanying order, I conferred with Michael Uhl, counsel for Defendant USP Labs, and that Defendant does not oppose this motion and consents to the relief requested in it (i.e., Defendant's forfeiture of the Property).

*/s/ John J. de la Garza III*
JOHN J. DE LA GARZA III
Assistant United States Attorney

### CERTIFICATE OF SERVICE

I certify that on September 16, 2020, I electronically filed this document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the Electronic Case Filing (ECF) system.

*/s/ John J. de la Garza III*
JOHN J. DE LA GARZA III
Assistant United States Attorney